IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILMER FEAZELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-901-GPM |
| | ) |
| W.A. SHERROD, et al., | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Wilmer Feazell brings this action pro se pursuant to 28 U.S.C. § 2241. In 2004 Feazell was sentenced to 125 months' imprisonment in the custody of the Federal Bureau of Prisons ("BOP") for the offense of possession with intent to distribute more than five hundred grams of cocaine hydrochloride, although the sentence later was vacated on appeal, then reimposed in 2006. *See United States v. Feazell*, 219 Fed. Appx. 430, 432 (6th Cir. 2007); *United States v. Feazell*, No. 04-000022, 2008 WL 4682523, at *1 (W.D. Mich. Oct. 22, 2008). It appears from the record of this case that Feazell's sentence recently was reduced to 112 months' imprisonment. Currently Feazell is confined at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"). In his Section 2241 petition Feazell seeks relief pursuant to 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008). In particular, Feazell, who is set to be released from prison in 2012, objects to a decision by the BOP to place him at a residential reentry center ("RRC") for only the final six months of his prison sentence, rather than for the maximum twelve-month period of RRC placement authorized by the

statute. It appears also that Feazell objects to the fact that the BOP would not let him release to the Northern District of Illinois, rather than the Western District of Michigan, where Feazell was convicted, until he could provide the BOP with an address in Illlinois where Feazell could live following his release from prison. However, it now seems that Feazell has supplied the BOP with the name and address of a relative in Chicago, Illinois, with whom Feazell can live after his release from prison. *See* Doc. 1-1 at 8, 10.[1] Therefore the Court considers the matter of Feazell's release in Illinois rather than Michigan as moot. Accordingly, in this Order the Court considers only the issue of whether the BOP should have directed Feazell to be placed at a RRC for the last twelve months of his prison sentence, rather than for only the last six months of the sentence.

Pursuant to the Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration of a petition for a writ of habeas corpus by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. In its discretion, the Court can apply this rule to other habeas corpus cases. *See* Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254; *Howard v. Certain Unnamed Aircraft Pilots*, No. 90 C 7197, 1991 WL 9032, at *1 n.1 (N.D. Ill. Jan. 17, 1991). The Court, consistent with its usual practice in habeas corpus cases, has undertaken to give preliminary consideration of Feazell's petition pursuant to 28 U.S.C. § 2241. That statute provides, in relevant part, that "[w]rits of habeas corpus may be granted

---

1. The page numbers from Feazell's petition pursuant to 28 U.S.C. § 2241 and its supporting documents that are cited by the Court in this Order are the page numbers assigned to the petition and its supporting documents by the Court's CM/ECF system and that appear as part of the header of each page of the petition and its supporting documents, rather than the page numbers that appear at the foot of each page of the petition and its supporting documents.

by . . . the district courts[.]" 28 U.S.C. § 2241(a). Section 2241 "provides a vehicle for attacking the execution, not the validity, of" a prison sentence." *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991) (citing *United States v. Ford*, 627 F.2d 807, 813 (7th Cir. 1980)). In particular, the United States Court of Appeals for the Seventh Circuit has recognized that a Section 2241 petition is a proper vehicle by which to challenge the BOP's decisions about inmate placement, though not to challenge BOP policies governing such placement. *See Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004). The writ of habeas corpus may be granted where a defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).[2]

Pursuant to 18 U.S.C. § 3624, the BOP has the authority to place inmates in community confinement facilities (what the Court calls RRCs in this Order) during the final portion of their sentences for up to twelve months. Specifically, the statute provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The language of the statute clearly establishes that inmates are not entitled

---

2. The Court notes that, in addition to naming as a Respondent W.A. Sherrod, currently the warden of FCI Greenville, Feazell also names as Respondents Pam Stroud and Jared Rardin, who are, respectively, a case manager and a unit manager at FCI Greenville. As a rule, the only proper respondent to a petition brought pursuant to 28 U.S.C. § 2241 is the warden in whose custody the petitioner currently is. *See* 28 U.S.C. § 2242; 28 U.S.C. § 2243; *Mitchell v. Bledsoe*, No. 06-624-DRH, 2009 WL 3156689, at *1 (S.D. Ill. Sept. 28, 2009). Inasmuch as, for reasons to be discussed presently, Feazell's Section 2241 petition does not survive the Court's preliminary consideration thereof, the Court will not require the petition to be re-pleaded to omit Stroud and Rardin as Respondents.

as a matter of right to the full twelve months of placement in a RRC. Rather, Section 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his prison term under conditions that will allow him to prepare and adjust for reentry into the community. *Id*. The statutory language is discretionary, and there is no guarantee of placement at a RRC for the maximum amount of time available.

The amount of time to be allocated to a BOP inmate for RRC placement is committed to the considerable discretion of the BOP. *See Pence v. Holinka*, No. 09-cv-489-slc, 2009 WL 3241874, at *1 (W.D. Wis. Sept. 29, 2009) (quoting *Sessel v. Outlaw*, No. 2:08cv00212 JMM, 2009 WL 1850331, at *4 (E.D. Ark. June 25, 2009)) ("The language of [18 U.S.C. § 3624(c)(1)] makes it clear that prisoners are not guaranteed 12 months at a halfway house. Rather, the [BOP] is required, when 'practicable,' to allow a prisoner to spend 'a portion of the last months of his term under conditions that will prepare him for reentry . . . . [and] '[t]hese are matters left to the discretion of the BOP.'"); *Woods v. Wilson*, No. 09-CV-0749, 2009 WL 2579241, at *2 (N.D. Ill. Aug. 19, 2009) (quoting *Tristano v. Federal Bureau of Prisons*, No. 07-C-113-C, 2008 WL 3852699, at *1 (W.D. Wis. May 15, 2008)) ("The [BOP] has great discretion in deciding when to place a prisoner in a halfway house."); *Daraio v. Lappin*, No. 3:08CV1812(MRK), 2009 WL 303995, at *6 (D. Conn. Feb. 9, 2009) ("[T]he BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors."). In exercising this discretion, the BOP must make decisions on an individual basis considering the factors listed in 18 U.S.C. § 3621(b) in order to "ensure that placement in a community correctional facility . . . is . . . of sufficient duration to provide the greatest likelihood of successful reintegration

into the community." 18 U.S.C. § 3624(c)(6)(C). The factors to be considered are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the prisoner's sentence concerning the purposes for which the sentence was determined to be warranted or recommending a specific type of facility; and (5) any pertinent policy statement issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3621(b). These statutory provisions are echoed in the BOP's promulgated rules set forth at 28 C.F.R. §§ 570.20-21.

In considering Feazell's eligibility for RRC placement, the record in this case reveals that his Unit Team determined that six months' placement was sufficient to provide the greatest likelihood for Feazell's successful reintegration into the community due to the resources available to him. On June 3, 2010, in response to a request by Feazell for an administrative remedy, Respondent Sherrod concluded that, in light of the relevant factors set out in 18 U.S.C. § 3621(b), Feazell's Unit Team had correctly assessed Feazell for a six-month placement at an RRC. *See* Doc. 1-1 at 2. In particular, the amount of time Feazell has served, his release needs, and his ties to the community were considered. *See id*. On June 21, 2010, Feazell's recommended six-month placement at a RRC was upheld on a Regional Administrative Remedy Appeal, which found again that, under the Section 3621(b) factors, six months' RRC placement was sufficient to provide the greatest likelihood for Feazell's successful reintegration into the community due to the resources available to him. *See id*. at 4. For these reasons, the record supports the conclusion that the BOP followed the statutory provisions and considered the relevant factors in making its assessment. "If the [BOP] considers the relevant factors in making its determination, a challenge . . . could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an

abuse of discretion, a difficult standard for the plaintiff to meet." *Woods*, 2009 WL 2579241, at *2 (quoting *Tristano*, 2008 WL 3852699, at *1). It is not the role of this Court to conduct an independent review of the Section 3621(b) factors and make a de novo determination as to the amount of time Feazell should spend in a RRC; rather, the BOP's decision as made by Feazell's Unit Team is entitled to deference so long as it is not arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute. *See Pence*, 2009 WL 3241874, at *3. Feazell has not shown that the BOP's decision in his case implicates any of these concerns, and his bald disagreement with that decision is insufficient to procure the relief he seeks. His request for relief pursuant to 28 U.S.C. § 2241 must therefore be denied.[3]

To conclude, the Court finds that the petition in this case does not withstand preliminary consideration, and therefore this action is hereby **DISMISSED with prejudice**. The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: December 16, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

3. The Court notes that occasionally a case involving an insufficient petition for habeas corpus relief is recast as a civil-rights action, and vice versa, a practice that the Seventh Circuit Court of Appeals discourages. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). The Court sees no reason to convert this case to an action brought pursuant to the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). While Feazell clearly disagrees with the decision of the BOP regarding placement of Feazell at a RRC, as already has been discussed, nothing in the record suggests that in his case the BOP failed to give individualized consideration to Feazell's placement or failed to consider the relevant factors in making placement decisions about Feazell.